## COLEMAN v. ZAPP et al. †

(Court of Civil Appeals of Texas. Feb. 22, 1911. Rehearing Denied March 22, 1911.)

1. LIMITATION OF ACTIONS (§ 16*)—PROCEEDINGS TO WHICH STATUTES APPLY.

Statutory limitation does not apply to sci. fa. for entry of a judgment nunc pro tunc and to revive the same, as it is not the beginning of the suit on a cause of action, but, so far as the suit is concerned, is a continuation of a suit already begun.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 16.*]

2. JUDGMENT (§ 870*)—DORMANT JUDGMENT—SCIRE FACIAS TO REVIVE.

A judgment having become dormant because no execution was issued, the judgment creditors applied to have it carried into the minutes and revived. Six years had elapsed since its rendition, but no intervening rights had accrued. Proof of its rendition was clear and satisfactory. The judgment debtor admitted her liability, and gave no notice of appeal, which manifestly would not have afforded her any relief therefrom, and, though the trial judge was unable to state the facts under the former judgment, the judgment debtor could have had a statement of facts prepared and filed immediately after the judgment was rendered, and no one prevented her exercising that right. Held, that the relief sought should not be denied on the ground of laches or for any other reason.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 870.*]

3. EQUITY (§ 87*)—LACHES AND STALE DEMAND—APPLICATION OF STATUTE OF LIMITATION.

Statutes of limitation do not apply to equitable proceedings, and, while in many instances courts of equity will apply by analogy the period of time mentioned in considering laches and stale demand, the rule is not inflexible, but the general tendency is to dispose of each case on its own particular facts, and to apply or refuse to apply that doctrine as the merits of the particular case may seem to require.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 242–244; Dec. Dig. § 87.*]

4. ATTACHMENT (§ 143*) — ISSUANCE AFTER FINAL JUDGMENT.

Though an attachment cannot properly be issued after a final judgment has been rendered, the right to the remedy continues from the beginning of the suit till the right to an execution accrued, and hence judgment creditors when they commenced sci. fa. proceedings to enter their judgment nunc pro tunc and revive the same had the right to sue out an attachment against the judgment debtor's property.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 143.*]

5. ATTACHMENT (§ 232*)—QUASHING PROCEEDINGS.

It is not a ground for quashing attachment proceedings that the affidavit was made three days before the writ was issued and the bond filed.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 796, 797; Dec. Dig. § 232.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Petition for scire facias by Helen Zapp and another for entry of a judgment nunc pro tunc and to revive the same. From a judgment awarding the petitioners the relief sought, Kate Coleman, the judgment debtor, appeals. Affirmed.

In 1898 Helen Zapp and her husband, Hugo Zapp, recovered a money judgment against Winnie Clark, now Kate Coleman, in the district court of McLennan county. In 1902 an execution was issued upon that judgment and levied upon certain personal property. At that time Kate Coleman had become the wife of Stewart McChesney, and they made application for and procured a temporary injunction restraining the sale of the property levied upon. In their petition for injunction, they stated that on the 16th day of May, 1898, the Zapps obtained a judgment against

Winnie Clark (now Kate Coleman) for $1,848.43, and all costs of court. It was alleged in that petition that, after the rendition of said judgment, Winnie Clark had become the wife of Stewart McChesney, and it was alleged that the property levied upon was household and kitchen furniture, and exempt from forced sale, and it was also alleged that the judgment referred to was dormant, and that the execution levied on the property was improperly issued. John W. Baker, sheriff of McLennan county, was also made a party defendant in that proceeding. The Zapps filed an answer, assigning various reasons why the injunction should not prevail. The First National Bank of Waco filed a plea of intervention, alleging that it had a prior lien upon the property seized by the sheriff under the execution referred to, and it prayed for judgment for its debt, and establishing its prior lien. In their answer the Zapps sought to revive their judgment against Mrs. McChesney and her husband, Stewart McChesney. The case was tried April 4, 1903, and the entries on the judge's docket show that judgment was rendered as follows: "4/8/03. Judgment for plaintiff perpetuating the injunction heretofore issued, and for defendants for balance due on the judgment sued on by them, viz.: $1,823, against Kate McChesney, alias Winnie Clark, and her husband so far as they may be liable, and for intervener against both plaintiffs for amount of its debt, etc., to which defendants except and give notice of appeal." In entering the judgment upon the minutes, that portion of it which awarded to the Zapps judgment against Kate McChesney for $1,823 and against her husband was omitted; and on May 17, 1909, the Zapps filed in said cause a petition for scire facias, setting out the facts above stated in reference to the rendition of judgment and the failure to enter the same upon the minutes, and alleged that no execution had been issued upon said judgment in favor of the Zapps against the McChesneys, and that, therefore, said judgment was dormant, and they prayed the court to have their judgment entered upon the minutes nunc pro tunc, and that it be revived. At the time of filing the petition for scire facias, etc., the Zapps sued out an attachment which was levied upon certain personal property, which property was delivered by the sheriff, who had levied upon it to C. E. Winn, who filed with the sheriff a claimant's bond, and asserted that the property referred to belonged to him. Kate Coleman filed an answer, interposing many objections to the relief sought, and including a motion to quash the attachment. The substance of that answer is embodied in appellant's assignments of error, and need not be detailed here. The matter came to trial before the court without a jury, judgment was rendered for the Zapps awarding them the relief sought, and Kate Coleman, formerly Kate McChesney, has appealed.

The trial judge filed the following findings of fact, which are sustained by the testimony:

"I find in this case that on the 8th day of April, 1903, a final judgment was rendered herein as shown by a docket entry made by the court in rendering said judgment as follows: '4–8–03. Judgment for plaintiff perpetuating the injunction heretofore issued, and for defendant for balance due on the judgment sued on by them, viz: $1,823.00 against Kate McChesney, alias Winnie Clark, and her husband, so far as he may be liable, and for intervener against both plaintiffs for amount of its debt, etc., to which defendants except and give notice of appeal.'

"I further find that said judgment was incorrectly carried forward and entered in the minutes, omitting that portion thereof wherein judgment was rendered for defendants therein, which said judgment entry is as follows: 'No. 12,364. Stewart McChesney et al. against Helen Zapp et al. April 8, '03. On this day came on to be tried the above numbered and styled case, appeared the plaintiffs Stewart McChesney and his wife, Kate McChesney, plaintiffs herein, by their attorneys, and the defendants Helen Zapp and Hugo Zapp, her husband, and John W. Baker, sheriff of McLennan county, by their attorneys, and the First National Bank of Waco, Texas, intervening by its attorneys, and none of the parties having demanded a jury, all parties having announced ready for trial, the matters in controversy, as well of fact as of law, were submitted to the court, and the evidence and argument of counsel having been heard by the court, it is therefore ordered, adjudged, and decreed that the temporary restraining order granted herein on September 12, 1902, in favor of the plaintiffs and against the defendants be perpetuated. It is further ordered, adjudged, and decreed that the plaintiffs herein, Stewart McChesney, and his wife, Kate McChesney, do have and recover of and from the defendants Helen Zapp and Hugo Zapp, her husband, and John W. Baker, sheriff of McLennan county, Texas, all the costs in this behalf expended. It is further ordered that the intervener herein take nothing by its intervention, and that these plaintiffs herein recover of and from said intervener all costs occasioned by, or being the result of said intervention in this suit, for all of which let execution issue.'

"I further find that no execution has ever been issued upon said judgment, either as rendered by the court or as entered upon the minutes of said court.

"I further find that since the rendition of the original judgment in said cause Kate McChesney obtained a divorce from Stewart McChesney and resumed her former name, Kate Coleman, and now passes and is known by that name.

"I further find that the plaintiffs in this motion Helen Zapp and Hugo Zapp, when

they filed said motion to amend the judgment as originally rendered, and have the same entered nunc pro tunc, and to revive the same, sued out a writ of attachment herein, and that the same was levied upon the property, both real and personal, of Kate Coleman, described in the judgment, and that thereafter, and before the trial of this case, a claimant's bond was filed by C. E. Winn, asserting claim to the personal property levied upon by said attachment, and delivered the same to the sheriff levying said attachment, and he thereupon delivered said personal property to said Winn, and that the suit for the trial of the right to said property is still pending."

Tom G. Dilworth and W. L. Eason, for appellant. E. W. Hander and Williams & Williams, for appellees.

KEY, C. J. (after stating the facts as above). We have reached the conclusion that the judgment in this case should be affirmed; and, while all others have received due consideration, we will limit this opinion to a discussion of what we deem the more important questions presented and discussed in the briefs of the respective parties.

1. We are of opinion that statutory limitation had no application to this proceeding, which is not the beginning of a suit upon a cause of action, but, in so far as the statute of limitation is concerned, is a continuation of a suit already begun. We are also of opinion that the remedy sought and awarded in the court below should not have been denied on account of laches or stale demand. It is true that six years elapsed before appellees made any effort to have the judgment which had been rendered in their favor carried into the minutes of the court, and it is also true that that judgment had become dormant because no execution had been issued thereon. But no intervening rights had accrued. Proof of the rendition of judgment against appellant was clear and satisfactory, and it is reasonably certain that the action of the court in causing the judgment to be placed on the minutes nunc pro tunc, and in reviving the judgment so entered, in order that execution might issue thereon, did not deprive appellant of any right that she was entitled to; and it is equally certain that the action of the court in granting that relief was in accord with the dictates of justice. In the very proceeding in which that judgment was rendered appellant admitted in her application for an injunction that she was indebted to the plaintiff upon a judgment previously rendered in the sum for which the court rendered judgment against her. It is true that in the present proceeding in which the judgment now complained of was rendered the trial judge (being the same judge who rendered the former judgment) testified that he had no recollection of the testimony upon which the former judgment was rendered, and that he could not now make up a statement of facts under the former judgment. But, when the former judgment was rendered appellant Kate Coleman gave no notice of appeal; and it is reasonably certain that she would not have sought a reversal of the judgment, if it had at that time been entered upon the minutes. She admitted in her pleading in that proceeding that she owed appellees the amount for which the judgment was rendered; and the only relief she sought was to prevent the sale of certain property which had been levied upon and seized under an execution issued upon that judgment, and that relief was granted to her. Having admitted that she owed appellees the amount for which the entry on the docket shows that judgment was rendered against her, and not having given notice of appeal, and it being manifest that an appeal would not have afforded her any additional relief, we can see no reason why a court of equity should deny appellees the relief that was awarded to them, on the ground of laches or for any other reason. As to the inability of the judge to now prepare a statement of facts upon which the former judgment was rendered, it is sufficient to say that appellant had the right to have a statement of facts prepared and filed immediately after that judgment was rendered, and no one prevented her from exercising that right. Sayle's Ann. Civ. St. 1897, art. 1357; Freeman on Judg. art. 61; 1 Black on Judg. art. 130; Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; Ximenes v. Ximenes, 43 Tex. 463; Hamilton-Brown Co. v. Whitaker, 4 Tex. Civ. App. 380, 23 S. W. 523.

Statutes of limitation have no application to equitable proceedings; and, while in many instances courts of equity in considering the question of laches and stale demand will apply by analogy the period of time mentioned in the statute, that rule is not inflexible, and the general tendency is to dispose of each case upon its own particular facts, and to apply or refuse to apply that doctrine as the merits of the particular case may seem to require. Considering the particular facts of this case, and the absolute merit in appellees' claim, we do not think that claim should be defeated upon the ground of laches or stale demand.

2. We have had more difficulty in reaching a conclusion as to appellees' right in this proceeding to obtain and foreclose a writ of attachment. As a general rule, it is true, as contended on behalf of appellant, that an attachment cannot properly be issued after a final judgment has been rendered. That is true because the mode prescribed by law for enforcing a judgment is an execution. However, when a judgment has been rendered, but has not been entered upon the minutes so that the clerk can properly issue an execution upon it, then it is not such a judgment as can be enforced by a writ of execution, and if grounds for an attachment

exist, and that remedy is not available, the party in whose favor the judgment is rendered might never succeed in collecting the amount awarded him. Hence we conclude that it was the intention of the Legislature in providing the remedy of attachment that that remedy should continue from the beginning of the suit until the right to have an execution issued accrued. In this case, appellees' judgment not having been entered upon the minutes, the clerk of the court should not have issued an execution to enforce it, and therefore we hold that appellees had the right, when they commenced the proceeding under consideration, to sue out an attachment against appellant's property. It is true that the affidavit for the attachment was made on the 14th day of May, and the attachment was not issued until the 17th day of the same month. The affidavit charged that appellant had disposed of her property with intent to defraud her creditors, etc., and the fact that it was made three days before filing the bond and application for scire facias and the issuance of attachment constituted no ground for quashing the attachment proceedings. Campbell v. Wilson, 6 Tex. 379; Wright v. Ragland, 18 Tex. 293.

Several other objections are urged against appellees' right to obtain and foreclose the attachment, but we do not care to discuss them in this opinion. They have been considered, and are not regarded as meritorious.

We also hold that it does not concern appellant if the court committed error in rendering judgment against Stewart McChesney, or in failing to render judgment on the claimant's bond filed by Winn. McChesney is the only one who could complain of the judgment rendered against him. Appellees are not complaining because judgment was not rendered upon the claimant's bond, and Winn is not complaining because of the foreclosure of the attachment lien. In fact, no one but Kate Coleman has appealed, and she cannot interpose objections for the benefit of others.

No error has been shown, and the judgment is affirmed.