MALLORY v. MANTIUS. (No. 1427.)

(Court of Civil Appeals of Texas. Texarkana. March 4, 1915.)

1. JUDGMENT ⬅➡301—CORRECTION — DEFECTS AMENDABLE—DEFAULT.

Petitioner alleged that in a suit against the maker of a note and others, including petitioner, the clerk entered a judgment reciting that default was taken against petitioner, and that the other defendants prevailed on a finding that the note was without consideration, and that judgment was entered on the default against petitioner; that this was entered by inadvertence, and that the real judgment was that there was no consideration for the note, and that petitioner go hence without day. Petitioner asked for stay of execution and a nunc pro tunc entry of correction. The court's findings accorded with the allegations of the petition, and the relief was granted. *Held* that, this being a suit to correct record of judgment as authorized by Rev. St. 1911, art. 2015, and not to set aside a default or for stay on the ground that no final judgment was entered, petitioner was not entitled to relief, as it did not appear that the judgment last recited was entered, and in any event would not have been a proper judgment on default under articles 1937, 1938, requiring the court to assess damages on entry of judgment on a default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 587–593; Dec. Dig. ⬅➡301.]

2. JUDGMENT ⬅➡324—CORRECTION—PROCEEDINGS—BURDEN OF PROOF.

A party seeking to correct the record of a judgment by proceedings authorized by Rev. St. 1911, art. 2015, has the burden of showing that the record does not speak the truth.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 623–625; Dec. Dig. ⬅➡324.]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Proceeding by W. C. Mantius against J. A. Mallory. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered.

Price & Beaird, of Tyler, for appellant. L. E. Appleby, of Bishop, for appellee.

HODGES, J. On August 14, 1914, the appellee, W. C. Mantius, filed in the court below his first amended original petition, in which he stated the following facts: That on the 3d day of November, 1913, at the October term of the county court of Smith county, a judgment by default was entered against him in the cause of J. A. Mallory against W. A. Mayes and others in a certain suit therein pending on a promissory note for the sum of $196.97, with interest and attorney's fees; that this cause was tried before a jury, in which a verdict had been rendered in favor of Mayes as the principal on the note, and Brown Bros. as sureties, against the plaintiff, Mallory; that the clerk of the county court of Smith county thereupon entered of record the following judgment:

"J. A. Mallory v. W. A. Mayes et al. No. 2685.

"In the County Court, Smith County, Texas.

"This 3d day of November, 1913, and at a regular term of this court, came on for trial the above styled and numbered cause, came the plaintiff in person and by attorneys, and announced ready for trial, and the defendants W. A. Mayes, M. G. Brown, and W. Brown appearing by their representative attorneys, but the defendant W. C. Mantius, though duly and legally cited to appear and answer herein, came not, but wholly made default. Wherefore the said plaintiff, J. A. Mallory, ought to recover against the said W. C. Mantius his damages by occasion of the premises; and thereupon came a jury of good and lawful men, to wit, H. W. Walker and five others, who, being duly impaneled and sworn, answered the special issues submitted to them by the court herein as follows: [Then follow the findings of the jury in response to specific questions, which show that the note sued on was as to Mayes and Brown Bros. without consideration. These findings are omitted as unimportant.] And the said verdict of the jury in answer to said special issues having been received in open court and ordered filed as the verdict of the jury herein, it is therefore ordered, adjudged, and decreed by the court that the defendants W. A. Mayes, M. G. Brown, and W. Brown, go hence without day, and that they recover of the plaintiff their costs in this behalf expended, for which they may have their execution, and that the plaintiff, J. A. Mallory, have and recover of the defendant W. C. Mantius the sum of two hundred forty-eight and 32/100 dollars, with interest on the sum of two hundred twenty-five and 77/100 dollars thereof, at the rate of 10 per cent. per annum from this date until paid, together with all costs of this suit, for all of which let execution issue."

That the judgment referred to was not, in truth and in fact, the judgment rendered by the court in that case; that upon the trial of that cause, and prior to the rendition of the verdict by the jury, the county judge entered on his docket an interlocutory judgment by default against the plaintiff, Mantius, one of the defendants in that cause; that after the evidence had been heard in said cause and the verdict of the jury had been returned, "the county judge by inadvertence failed to enter in his court docket the judgment of the court, which was as follows, to wit." Then follows the recital of a judgment in all respects the same as that previously quoted, except the concluding portion, which is as follows:

"And it further appearing to the court, after hearing the evidence as adduced on the trial of said cause and the finding of the jury as set out in their answers to the foregoing special issues submitted to them, that there was no consideration for the execution and delivery of said note

to the said Mallory by said Mayes, and that defendants Brown Bros. executed and signed the said note merely as an accommodation to the plaintiff, it is therefore ordered, adjudged, and decreed by the court that, as the defendant, W. C. Mantius received no consideration for the execution and delivery of said note, that he go hence without day and recover of the plaintiff his cost in this behalf expended. And it is further ordered, adjudged, and decreed by the court that the defendants W. A. Mayes, M. G. Brown, and W. Brown go hence without day and recover of and from the plaintiff their costs in this behalf expended, for which they may have their execution."

That after the case was tried and judgment entered as set out in paragraph 1 of this petition, the plaintiff, Mallory, and his attorneys caused execution to be issued against the defendant Mantius, and placed in the hands of Mike Wright, the sheriff of Nueces county, Tex. (Then follows a statement of the facts which the appellee relied upon to excuse himself for not answering in the suit of Mallory against Mayes and others, above referred to. These will not be reproduced, because the court finds that they were insufficient to excuse the petitioner for not appearing and answering in that suit.) Continuing, the petition avers that the judgment entered upon the minutes of the county court was not the real judgment, but was entered by mistake or inadvertence on the part of the clerk; that the defendants Mallory and Wright were about to levy the writ of execution on the property of the plaintiff to his injury. He prays for a writ of injunction restraining Mallory and Wright from proceeding with the execution of that judgment, and also asks that a judgment be now entered nunc pro tunc in the minutes of the county court of Smith county substantially as that set out in the petition as the one which had been rendered upon the trial of the original suit.

The appellant, Mallory, answered by general and special exceptions and by general and special denial.

Upon a hearing before the court without a jury judgment was entered in favor of the appellee, Mantius, restraining the execution of the original judgment entered in the case of Mallory against Mayes and others, and a judgment nunc pro tunc was entered substantially the same as that prayed for in the petition.

The county judge filed his findings of fact and conclusions of law. The facts, in substance, are as follows:

"First. That on September 22, 1913, J. A. Mallory instituted a suit in the county court of Smith county against W. A. Mayes, M. G. Brown, W. Brown, and W. C. Mantius on a promissory note for the principal sum of $196.-97, with 10 per cent. interest from May 14, 1912, and 10 per cent. attorney's fees; that the petition filed by Mallory was in the usual form of a suit on a promissory note; and that nothing appeared from the note to indicate that any of the parties were sureties thereon.

"Second. Upon the institution of this suit citation was issued and served upon the defendants on the 24th of September, 1913; that these citations were returnable to the next term of the county court of Smith county, which convened in the city of Tyler on the 6th day of October, 1913; that all cases which had been set down for hearing in that court were continued until November 3, 1913, and that the court remained in session until January 3, 1914, when it adjourned finally for the term; that the defendants W. A. Mayes, M. G. Brown, and W. Brown appeared and filed their answers, but that W. C. Mantius failed to appear, and did not file any answer. By agreement of the parties then before the court the cause as between Mallory, Mayes, and the Browns was submitted to a jury on special issues, and a verdict was returned finding that the note sued on was without consideration as to all three of those defendants, and further finding that Mayes was at the time he executed the note of unsound mind.

"Third. That when the case was called for trial on November 3, 1913, in response to the demand of the attorneys for the plaintiff, J. A. Mallory, an interlocutory judgment by default was rendered against the defendant W. C. Mantius, and noted by the court on the trial docket; that this order was entered before the jury had been impaneled and before any evidence had been introduced in the cause; that after the introduction of evidence and the argument of counsel and the return of the verdict by the jury in answer to the special issues submitted the court was of the opinion, from the evidence introduced, that a failure of consideration had been shown as to the principal on the note himself and the two sureties, and that it necessarily followed that there was also a failure of consideration as to the defendant W. C. Mantius, and intended to enter judgment accordingly on his docket, but through inadvertence failed to do so; that more than a month after this verdict was rendered by the jury counsel for the plaintiff, Mallory, drew up a judgment in favor of the plaintiff against W. C. Mantius for the amount of the principal, interest, and attorney's fees due on the note sued upon, together with all costs of suit, but in favor of the defendants W. A. Mayes, M. G. Brown, and W. Brown; that this judgment was handed to the clerk of the county court of Smith county, and was by him entered in the judgment minutes without the knowledge of the court and contrary to the verbal judgment of the court with reference to said defendant W. C. Mantius; that said judgment minutes after the entry of said judgment therein were signed by the court without his knowledge of said judgment being spread thereon. I further find that the court never did intend that judgment should be rendered or entered against the said defendant W. C. Mantius; that said interlocutory order by default rendered against him before the trial of said cause was never made final, but that at the end of said trial it was the judgment of the court that said interlocutory judgment by default should be changed to read as a judgment in favor of said defendant W. C. Mantius by reason of the evidence showing a failure of the consideration as to the other signers of the note, both the principal and the two sureties."

The court then proceeds to find the facts upon which Mantius relies to excuse his failure to answer, which he later concludes were insufficient. In his conclusions of law he makes these further findings: That this injunction proceeding was instituted approximately 7½ months after the trial of the cause of Mallory against Mayes and others; that before the trial an interlocutory judgment by default was entered against Mantius for a failure to appear and answer. He then proceeds:

"The judgment of the court was then that, since there was a failure of consideration as to the principal and two of the sureties, it necessarily followed that there was also a failure of consideration as to said defendant W. C. Mantius; and the court intended to so note said judgment on the court's docket, but through inadvertence he failed to do so. Thereafter, to wit, some time early in December following, counsel for plaintiff in said cause, J. A. Mallory, spread upon the judgment minutes in said court a judgment embodying the jury's verdict and a purported judgment against W. C. Mantius and in favor of J. A. Mallory. These minutes were afterwards signed by the court. The court is of the opinion that, though W. C. Mantius made default at said trial, and that though the diligence as disclosed by the evidence on the trial of this proceeding would of itself hardly be sufficient to entitle him to the relief sought, yet the fact that the judgment spread upon the minutes of this court in said cause of Mallory against Mayes and others was not the real judgment of this court at said time, in that it was the opinion of the court at the time, and still is, that since the consideration failed as to the principal and two of the sureties, and it was not disclosed by the evidence at said trial that said Mantius received any consideration or benefit for signing said note as surety, no judgment ought to have been entered against said Mantius. I therefore conclude that said judgment in the cause of Mallory against Mayes and others was erroneously entered on the judgment minutes of this court in so far as it affected W. C. Mantius, but was correctly entered in so far as it affected W. A. Mayes, M. G. Brown, and W. Brown, and that the said W. C. Mantius is entitled to the relief prayed for herein."

[1, 2] In disposing of this appeal this suit should not be treated as one to reopen a default judgment and let in a defense, nor one to restrain the sale of property upon the ground that no final judgment had been rendered in the case. Its primary purpose is to correct the record and have entered thereon a judgment radically different from that which had been previously entered. The proceeding is authorized by article 2015 of the Revised Civil Statutes, which is as follows:

"Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended."

The object to be accomplished in suits of this character is to make the record a correct memorial of the judgment actually rendered upon the trial of the case. The chief inquiry then is: What was the decree, or order, actually pronounced by the court? It is the duty of trial judges to publicly announce in open court their decisions upon controverted issues, and to publicly pronounce the judgments to be entered upon such findings as they may make, or upon the verdicts of the juries where there is a jury trial. It is the duty of the clerk to record those judgments and orders in the minutes of the court. It is also the duty of the trial judge, before the adjournment of the term of court, to examine and approve those minutes after making such corrections as he may deem proper. When this is done, and the minutes are signed by the judge as evidence of his approval, the record is presumptively a true memorial of the judgments and decrees which it contains. One who attacks such a record has the burden of showing that it does not speak the truth. If he desires to have entered upon that record an order or judgment which it does not contain, he must establish evidence that such judgment or order was actually rendered upon the trial of the case. It is not sufficient to show that the court, or judge intended to render such order or decree, or that he should have rendered it, but that he actually did announce in open court as his judgment that which the applicant seeks to have placed upon the records. The important question before us is: Do the facts alleged in the petition of the appellee, and those found by the trial judge, show that the judgment which the appellee now seeks to have placed on the record was, in fact, rendered by the judge upon the trial of the case of Mallory v. Mayes et al.? The court finds that he did render and enter upon his trial docket an interlocutory judgment by default against the appellee. There is no finding that this order was ever set aside. Under the further findings of the court as to the state of the pleadings and the evidence on that trial, it was clearly his duty on that trial to enter the very judgment which the record discloses was entered, and which is now assailed as incorrect. After default by the appellee on that occasion, and the entry of the default judgment against him, there was nothing for the court to do but to assess the damages. Rev. Civ. Stat. arts. 1937, 1938. A judgment such as that which the appellee now seeks to have placed of record would have been without support in both the pleadings and the evidence, and on appeal should have been reversed. It is immaterial that the evidence disclosed the absence of a consideration as to the appellee, Mantius, on the original note. In the absence of a proper plea presenting that defense, such evidence could not be considered in his favor. Moody v. Rowland, 100 Tex. 363, 99 S. W. 1112; Townes on Pleading, last edition, p. 539, and cases cited. Moreover, by making default Mantius admitted the truth of all the material facts alleged in the plaintiff's petition. Both the averments of the petition in this suit and the findings of the court as to what judgment was pronounced on that trial are exceedingly unsatisfactory. For instance, the petitioner says that after the evidence had been heard in that cause, and the jury had returned its verdict, the "county judge by inadvertence failed to enter on his court docket the judgment of the court, which was as follows." That language is far from being a specific averment that the judgment which followed was actually pronounced by the court upon that occasion. It is immaterial

that the court failed to enter any memorandum upon his docket as to what his judgment was. Such entries are intended merely for the guidance of the clerk in the final preparation of his minutes. It is sufficient to constitute a final judgment that the court pronounces his conclusions as a judgment from the bench, so that all of the parties in interest may know and understand what his judgment is. The court in his finding is equally indefinite. For instance, he says:

"The judgment of the court was then that, since there was a failure of consideration as to the principal and two of the sureties, it necessarily followed that there was also a failure of consideration as to said defendant Mantius, and the court intended to so note said judgment on the court's docket, but through inadvertence he failed to do so."

There is in this language also a want of definiteness as to the fact that the court actually did pronounce the decree which is now sought to be entered of record. It is clear from the context that the court used the term "judgment" in the above quotation as synonymous with "conclusion," and evidently meant that it was the "conclusion, or opinion, of the court that since there was a failure of the consideration as to the principal," etc., there was also a failure as to the defendant Mantius, and intended to render a judgment in accordance with that opinion or conclusion. But this is not a finding that he, in fact, actually carried out that intention and announced such a judgment in open court in a manner that would have afforded the losing party an opportunity to except and give the proper notice of appeal, or to enable him to file a motion for a new trial within the time prescribed by law. The undisclosed opinions and conclusions of the trial court, if given the force of judgments and decrees actually rendered and pronounced upon the trial of a case, could be used to effectually destroy the right of appeal. We need no better illustration of such injustice than what would follow in this case if the judgment of the court below should be affirmed in this appeal. The entry now of a judgment nunc pro tunc in favor of the appellee, Mantius, would not carry with it the right to include the notice of appeal, or preserve the privilege of filing a motion for a new trial. Relief in amending the original judgment, if granted, will be upon the assumption that the judgment now sought to be entered was, in fact, pronounced upon the trial of the original suit, and that the plaintiff in that suit at that time had notice of the judgment and was afforded the opportunity to preserve all of his rights in respect to an appeal.

We do no feel inclined to disturb what appears to be a correct judgment entered of record in the original suit of Mallory v. Mayes et al. upon a showing so unsatisfactory as that presented in this record, and the judgment of the trial court will therefore be reversed, and judgment here rendered in favor of the appellant.