**Hope Elizabeth KOSTURA, Appellant,**

v.

**Metro KOSTURA, Appellee.**

No. 17654.

Court of Civil Appeals of Texas, Dallas.

May 28, 1971.

Rehearing Denied June 25, 1971.

Phil Burleson, Abney & Burleson, Dallas, for appellant.

Fred R. Brown, Brown, Brown & Bowen, Garland, for appellee.

GUITTARD, Justice.

In this divorce case, plaintiff appeals from an order denying her motion, filed more than a year after judgment, to have the judgment corrected *nunc pro tunc* to conform to a letter from the judge to counsel before the judgment was drawn announcing his decision concerning matters at issue. The question is whether proof of differences between the letter and the judgment as signed is sufficient to show a clerical mistake. We hold that such proof is not sufficient.

At the original trial without a jury the judge granted the divorce and awarded custody of the children to plaintiff, but took the property settlement under advisement. Later, on July 15, 1969, he sent counsel for both parties a letter announcing that he had "reached a decision as to a division of the property." The letter lists the property allotted to each party, awards custody of children, fixes visitation rights and the amount of child support payments, and directs the attorneys to confer on drawing the judgment. On July 18, the judge signed a formal divorce decree, which was prepared by counsel for defendant, but does not appear to have been approved by counsel for plaintiff. Subsequently defendant filed a "Motion to Enter a Corrected Judgment Nunc Pro Tunc," alleging that the judgment should be corrected in certain respects to coincide with the terms of the letter. On September 12, 1969, the judge granted defendant's motion and signed a "Final Judgment of Divorce Nunc Pro Tunc," which repeats all of the original judgment and adds two provisions prayed for in the motion.

Plaintiffs' appeal from the corrected judgment was dismissed because the record was not filed in time. Then, on August 11, 1970 plaintiff filed her present "Motion to Enter a Corrected Judgment Nunc Pro Tunc," alleging that the judgment *nunc pro tunc* presented by defendant's counsel and signed by the judge on September 12, 1969, also varied from the letter of July 15, 1969, in a number of respects, some of which concern visitation rights and others obligations for debts and income tax payments. Upon hearing, the court overruled the motion with the comment that the letter "was not meant to be a final judgment; it was meant to be the basis on which a judgment was drawn."

Plaintiff contends that the judge's letter of July 15, 1969, was the rendition of a judgment settling the rights of the parties, and that the corrected decree of September 12 should have been corrected again *nunc pro tunc* to conform to the judgment rendered, as evidenced by the letter. She points out that under decisions such as Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912), and Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953), rendition of a judgment is the judge's announcement of his decision on the matters at issue, whereas entry is the ministerial act of recording that decision, and that when the written judgment as entered fails to conform to the judgment announced because of a clerical mistake, the judgment should be corrected *nunc pro tunc,* even though all periods prescribed for revising judicial errors have expired.

Defendant does not dispute the trial court's power to correct its records, but denies that the differences between the letter and the decree were the result of a clerical mistake. First, he says that the letter was not intended as a judgment, and, alternatively, that if it is considered a rendition of judgment, plaintiff has failed to prove that the judge did not withdraw that judgment when he signed the inconsistent draft.

We need not discuss defendant's first contention, since we shall assume that the letter was a rendition of judgment and

pass on to his alternative contention. In this respect his position is supported by well-settled law that a judge has complete power to change his judgment judicially on his own motion until it becomes final upon expiration of the periods prescribed by Tex.R.Civ.Proc. 329b, Secs. 5, 6(c). Mercer v. Band, 454 S.W.2d 833 (Tex.Civ. App., Houston 14th 1970, no writ); Whisenant v. Fidelity & Casualty Co. of New York, 354 S.W.2d 683 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.). Before signing the draft of judgment he can change the decision previously announced without any formal order setting it aside. Canales v. Salinas, 288 S.W.2d 207 (Tex.Civ.App., San Antonio 1956, writ dism'd); Rogers v. Shell Petroleum Corp., 45 S.W.2d 743 (Tex.Civ.App., Galveston 1932, writ dism'd).

■ In view of this power to change the judgment, on hearing a motion to correct a judgment which has become final, the trial court must decide whether a change from the judgment as first announced was a judicial modification or a clerical mistake. The existence of a clerical mistake is a question of fact to be determined by the trial court. Mobley v. Rheem Manufacturing Co., 410 S.W.2d 320 (Tex.Civ.App., Houston 1967, writ ref'd n. r. e.). In determining this question, the judge must start with the general presumption in favor of judgments formally entered. The party seeking to correct such a judgment has the burden to show that it does not speak the truth. Conley v. Conley, 229 S.W.2d 926 (Tex.Civ.App., Amarillo 1950, writ dism'd); Mallory v. Mantius, 174 S.W. 692 (Tex.Civ.App., Texarkana 1915, no writ). When the judge acts on such a motion and an appeal is taken, another presumption arises in support of that order. The judge's personal recollection is equivalent to evidence, and the appellate court will presume in support of the order that it is based on the judge's personal recollection. Fort Worth & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25 (1904); S. W. Slayden & Co. v. Palmo, 90 S.W. 908

(Tex.Civ.App., Austin 1905, affirmed 100 Tex. 13, 92 S.W. 796 (1906)). The decisions last cited apply this presumption in cases where the trial court granted the motion, but by the same reasoning an order denying a motion to correct a judgment must be presumed to be based on a finding, supported by the judge's personal recollection, that any variance in a judgment as entered from that originally announced was not the result of a clerical mistake, but was rather the result of a judicial determination that such change was proper in the interest of justice. Thus in Creswell v. Pruitt, 239 S.W.2d 165 (Tex.Civ.App., Eastland 1951, no writ), the trial judge announced in open court that a plea of privilege was overruled, but later signed an order sustaining it, and the appellate court presumed in support of the written order that the announced ruling was set aside.

In our opinion, the presumption in favor of judgments formally entered is necessary in the interest of maintaining certainty in judicial records. A judge's announcement of his decision, whether oral or in writing, is often necessarily tentative, particularly in a complicated case like the present. He may not intend his pronouncement to embody all the details of the final decree, and he need not cover all such details, since he knows he will have an opportunity to review the draft of judgment before signing it. Tex.R.Civ.Proc. 306a directs that the judgment be reduced to writing and signed by the judge, and Rule 305 requires counsel for the prevailing party to prepare the form of judgment to be entered. These rules contemplate that the judgment to be entered will be something other than a word-for-word recording of the judgment as announced. Reduction to writing makes for precision and thoroughness. When the written draft is presented for signature, the judge has an opportunity to examine it and determine whether it disposes of all the matters at issue and is in all respects the decision he intends to make. He has also a duty to examine it for the purpose of determining whether it accurately states

the judgment which he has rendered. If he finds that the draft varies from his judgment, he must decide whether to make the draft conform to his judgment or change his judgment in accordance with the draft. If he signs the draft, the judgment entered is presumptively the judgment as he finally intends it, and it ought not to be subject to change on a bare showing that it varies in some particular from the judgment as first announced.

■ We hold that proof of a variance between the judgment rendered and that entered is not enough to require correction of a judgment *nunc pro tunc*. There must also be a fact finding, based on evidence or on the personal recollection of the judge, that the variance was a clerical mistake rather than a judicial modification.

■ Plaintiff argues that since defendant moved for a correction of the original decree on the ground that it varied from the letter and the court granted that motion and made the corrections requested by defendant, the letter has been established as the actual judgment of the court and the variances in the formal decree have been established to be the result of a clerical mistake. Plaintiff insists that she is entitled to rely on the letter to the same extent as defendant. Though this argument may seem plausible, it cannot prevail in view of the rule that fact findings are presumed in support of the trial court's order, not against it. In support of the order of September 12, 1969, we must presume that the trial court found that a clerical mistake had been made in the respects in which the original decree was corrected. Likewise, we must presume in support of the subsequent order denying plaintiff's motion to correct that the trial court found that no clerical mistake was made in the respects alleged by plaintiff.

Plaintiff has cited a number of cases holding that a judgment may be corrected *nunc pro tunc* on showing a variance between the judgment rendered and the final judgment recorded. These decisions are not inconsistent with our present holding because in each of those cases the trial court found as a fact that judgment was entered because of a clerical mistake, and made an order correcting the record as the basis of such a finding. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912) (affirming Coleman v. Zapp, Tex.Civ.App., 135 S.W. 730, Austin 1911); Truelove v. Truelove, 266 S.W.2d 491 (Tex.Civ.App., Amarillo 1953, writ ref'd); Zamora v. Salinas, 422 S.W.2d 249 (Tex. Civ.App., Corpus Christi 1967, writ ref'd n. r. e.).

■ The record here contains no fact finding that the variances which plaintiff seeks to correct were the result of a clerical mistake. The trial court's comment that the letter was intended only as "the basis on which a judgment was drawn" indicates that he did not find any clerical mistake. On this record we must presume in support of the trial court's order that the variances were not clerical mistakes but were judicial modifications of the judgment rendered.

Affirmed.