NO. 07-01-0020-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 13, 2001

______________________________

JEANNE M. SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429322; HONORABLE BRADLEY UNDERWOOD, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ. 

In this appeal, appellant Jeanne M. Smith challenges an order of the trial court modifying a prior probation order by requiring her to attend a substance abuse felony program.  In one point, she alleges the trial court erred in failing to make an affirmative finding that drug or alcohol abuse significantly contributed to a violation of the community supervision (probation) prior to making the modification about which she complains.  Disagreeing with that contention, we affirm the judgment of the trial court.

A discussion of the procedural history of this case is necessary to a proper discussion of this appeal.  On May 18, 1999, upon her guilty plea, appellant was found guilty of the offense of possession of a controlled substance with the intent to deliver.  Pursuant to a plea bargain, appellant received a five-year probated sentence.  The conditions of probation  included, 
inter alia
, a requirement that appellant abstain from the use or possession of alcohol, narcotics or dangerous drugs not prescribed by a doctor.  As relevant here, on June 14, 2000, appellant’s probationary terms were modified to require drug abuse treatment and an extended period of intensive supervision.  On September 29, 2000, the State filed a motion seeking revocation of appellant’s probation on the basis that she committed theft, failed to pay probation fees, failed to attend a drug treatment program, tested positive on a controlled substance test, and failed to report to her probation officer on particular dates.

At the conclusion of the hearing on the revocation motion, the trial court orally stated that it found appellant violated the conditions of her probation by failing to attend treatment sessions and by using methamphetamine and marijuana.  It ordered the conditions of her probation to be modified to include confinement in a substance abuse treatment facility for a period of nine to twelve months. The same day, it signed a written order modifying the probationary conditions. The written order provided that appellant would be in the treatment program for a period of 90 days to one year, and included a finding that “drugs [sic] or alcohol abuse significantly contributed to the . . . violation of community supervision.”

Reiterated, appellant now challenges that modification and asserts it is invalid.  In doing so, she acknowledges that article 42.12 § 22(a)(B)(i) of the Code of Criminal Procedure allows a trial judge to modify conditions of probation by placing a probationer in a substance abuse facility program 
if
 the judge makes an affirmative finding that drug or alcohol abuse significantly contributed to the commission of the crime or a violation of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12 § 22(a)(B)(i).  However, she argues, the trial court never made the required affirmative finding. The gist of appellant’s argument is that because the trial court did not state orally its affirmative finding at the conclusion of the hearing, the finding included in the court’s written order was not sufficient to comply with the statute.

In advancing that argument, appellant does not support it with the citation of any relevant authority other than the statute itself.  Also, in considering her argument, it is worthy of note that although she did file a motion seeking a new trial, she did not move for a judgment nunc pro tunc, nor did she otherwise advance the complaint she now asserts.

In its text, the statute does not prescribe the manner in which the affirmative finding must be evidenced.  There is a paucity of criminal cases discussing the variances between orders rendered orally and written orders entered in the minutes of the court.  
See Davis v. State
, 897 S.W.2d 791, 793 (Tex.Crim.App.--1995) (in jury trial, nunc pro tunc order adding deadly weapon finding was improper).

In considering the question before us, the definition of a “judgment” contained in article 42.01 of the Code of Criminal Procedure is instructive.  In that article, “judgment” is defined as “the written declaration of the court signed by the trial judge and entered of record.”  Tex. Code Crim. Proc. Ann. art. 41.01 § 1 (Vernon 1979 & Supp. 2001).  That definition suggests that it is the written order to which we must look. That conclusion is supported by the reasoning of civil cases which have had the occasion to consider similar issues.  For example, in 
Kostura v. Kostura,
 469 S.W.2d 196 (Tex.Civ.App.--Dallas 1971, writ ref’d n.r.e.), the court observed:

When the written draft [judgment] is presented for signature, the judge has an opportunity to examine it and determine whether it disposes of all the matters at issue and is in all respects the decision he intends to make.  He has also a duty to examine it for the purpose of determining whether it accurately states the judgment which he has rendered.  If he finds that the draft varies from his judgment, he must decide whether to make the draft conform to his judgment or change his judgment in accordance with the draft.  If he signs the draft, the judgment entered is presumptively the judgment as he finally intends it, and it ought not to be subject to change on a bare showing that it varies in some particular from the judgment as first announced.

Id.
 at 198-99.  
See also
 
Texas Commerce Bank Nat. Ass’n v. Wood
, 994 S.W.2d 796, 808 (Tex. App.--Corpus Christi 1999, no writ, pet. dism’d) (noting appellant provided no authority requiring the court to hold another hearing if it desired to sign a written order that differed from the oral statements of the court during the hearing).  

We find the rationale expressed above compelling.  In this case, the trial court’s express findings at the conclusion of the hearing included the finding that appellant violated the conditions of her probation by testing positive for illegal drug use.  The express affirmative finding in the trial court’s written order merely formalized and made “affirmative” the finding that was implicit in the court’s oral rendition.  It did not alter or conflict with the oral expression made at the conclusion of the hearing.

Accordingly, we overrule appellant’s sole point and affirm the judgment of the trial court.  

John T. Boyd

 Chief Justice

Do not publish.