NO. 07-10-00481-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 7, 2011

_____

IN THE INTEREST OF A.P., A.P.,
A.N.P., AND A.M.P., CHILDREN

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35,607; HONORABLE PHIL N. VANDERPOOL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER**

Appellants T.P., the father, and D.P., the mother, appeal the trial court's termination of their parental rights. On our own motion, we abate the appeal and remand the case to the trial court for consideration of its two orders signed November 22, 2010.

On May 14, 2009, the Texas Department of Family and Protective Services filed suit against the father and the mother through a pleading denominated, "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." The petition alleges T.P. is the father of four children subject to the proceeding. It further alleges that D.P. is the mother of two of the

children, A.N.P. and A.M.P., and that E.P. is the mother of the other two, whose initials are the same, A.P., and to whom we will refer as the "older two children." The Department's petition sought, *inter alia*, termination of the parent-child relationships between the father and all four of the children, and the parent-child relationships between the mothers D.P. and E.P. and their respective children.

The case was tried by jury beginning November 8, 2010. Responding to questions, the jury found the parent-child relationships between the father and A.N.P. and A.M.P., and the mother and A.N.P. and A.M.P., should be terminated. The jury found E.P., the mother of the older two children, should be named their managing conservator. The jury was not asked if the parent-child relationship between the father and the older two children should be terminated. After the jury returned its verdict and was discharged, the court orally rendered judgment. Consistent with the jury's answers, it ordered the parent-child relationships between the father and A.N.P. and A.M.P., and the mother and A.N.P. and A.M.P., terminated. It named E.P. sole managing conservator of the older two children. It made no oral pronouncement concerning the father's parent-child relationship with the older two children. These rulings were also expressed in a docket sheet entry of November 10.

On November 22, 2010, the trial court signed two orders in the case. The first, entitled "Order of Termination," and the second, "Final Order in Suit Affecting the Parent-Child Relationship." In relevant part, the termination order recites the children to the suit are A.N.P. and A.M.P. But the termination order also recites findings of best interest and statutory predicate grounds, and expressly terminates the father's parental

2

rights, as to all four children.[1]  As to the father, the SAPCR order is inconsistent with the termination order.  It names E.P. permanent managing conservator of the older two children and denies the father possession or access to the older two children.[2] Importantly, however, the SAPCR order recognizes a parent-child relationship between the father and those two children.

In short, now before us are two appealable orders affecting the parent-child relationship between father and the older two children.  The termination order purports to terminate that relationship while the SAPCR order recognizes the relationship but curtails the father's access or possession of the older two children.

The father and the mother filed notice of appeal.  The trial court found their appellate points frivolous but appointed appellate counsel.  The record was filed and on

---

[1] This section of the termination order concludes with the decree: "**IT IS THEREFORE ORDERED** that the parent-child relationship between [the father] and the child (sic) [A.P., A.P., A.N.P., and A.M.P.] is terminated."  (Bolding and capitalization in original).

[2] This section of the SAPCR order, entitled "Parent Denied Possession or Access," decrees the father:

> Is not appointed possessory conservator of the children, and shall not have possession or access, because the Court finds such appointment would not be in the best interest of the children and that possession or access by this parent would endanger the physical or emotional welfare of the children.

3

February 24, 2011, appointed counsel filed a motion to withdraw from representation supported by an *Anders* brief.[3]

From the discussion that follows, we believe the trial court can determine whether it signed a judgment containing clerical errors or whether it changed its judgment from that orally rendered in open court to the signed writing. Judgment in the former case is correctable nunc pro tunc, even on the trial court's own motion. Judgment in the latter instance is not.

Concerning the ability of a trial court to correct clerical errors nunc pro tunc, the Texas Supreme Court in *Coleman v. Zapp* long ago explained:

> The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. . . . If a court is made aware that, through mistake or omission, its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right but the duty of the court, of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend

---

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.) (per curiam) (finding *Anders* procedures applicable to appeals of orders terminating parental rights).

4

upon the inauguration of a proceeding by the parties, and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord.

105 Tex. 491, 494, 151 S.W. 1040, 1041 (Tex. 1912) (citations omitted).

When confronting the question whether a judgment may be modified by an order nunc pro tunc a trial court must determine if the change from the judgment first announced was a clerical error or a judicial modification. *Kostura v. Kostura,* 469 S.W.2d 196, 198 (Tex.Civ.App.--Dallas 1971, writ ref'd n.r.e.). A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex. 1986) (per curiam). On the other hand, a judicial error arises from a mistake of law or fact that requires judicial reasoning to correct. *Butler v. Continental Airlines, Inc.,* 31 S.W.3d 642, 647 (Tex.App.--Houston [1st Dist.] 2000, pet. denied). A judgment nunc pro tunc allows a trial court to correct a clerical error in the judgment after expiration of the trial court's plenary power. *Escobar v. Escobar,* 711 S.W.2d 230, 231-32 (Tex. 1986); Tex. R. Civ. P. 316. But such power does not extend to correction of a judicial error made in rendering a final judgment. *Escobar,* 711 S.W.2d at 231. Following expiration of its plenary power, a trial court may only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Id.* at 231-32.

In *Truelove v. Truelove,* this court considered the sufficiency of a trial court's nunc pro tunc correction of a judgment that stated a material proposition contrary to the trial court's announcement of judgment. 266 S.W.2d 491 (Tex.Civ.App.--Amarillo 1953, writ ref'd). *Truelove* was a will contest. A jury found the will was executed and procured by undue influence. On this finding, the trial judge announced judgment for the

5

contestants. The court, however, inadvertently signed the wrong form of judgment which effectively set aside the jury finding and admitted the will to probate. The judgment was filed and entered of record. On subsequent motion for entry of judgment nunc pro tunc, the trial court set aside the erroneous judgment and signed a judgment denying probate of the will. *Id.* at 492. Instructed by *Coleman*, this court concluded the erroneous judgment was properly correctable by judgment nunc pro tunc. *Id.* at 493-94. The supreme court refused an application for writ of error in *Truelove* and later followed the decision in *Andrews*. 702 S.W.2d at 585.

We abate the appeal and remand the cause to the trial court. Tex. R. App. P. 44.4. On remand, the trial court shall, on proper notice and as soon as practicable, conduct a hearing to determine whether either or both the termination order or the SAPCR order incorrectly reflect the judgment of the court and, if so, whether the mistake is a clerical error subject to correction nunc pro tunc. If the trial court concludes either or both orders are incorrect and the mistake is a clerical error, then it shall sign an order or orders nunc pro tunc correctly reflecting the judgment of the court.

Following the hearing, the trial court shall prepare findings of fact and conclusions of law regarding all matters it considered in conjunction with this order. The hearing shall be transcribed and included in a supplemental reporter's record. The trial court's findings of fact and conclusions of law as well as any orders made in compliance with this order and any orders or judgments nunc pro tunc, should such be signed by the trial court, shall be included in a supplemental clerk's record. The supplemental reporter's record and supplemental clerk's record shall be filed with the clerk of this

6

court on or before March 28, 2011.  Should additional time be needed to perform these tasks, the trial court may request same on or before March 28, 2011.

The appeal will remain abated until further order of this court.  We take no action at this time on the pending motion to withdraw filed by appointed appellate counsel for the father and the mother.

It is so ordered.

Per Curiam