### B. B. PRICE v. CONSUMERS' COTTON OIL COMPANY.

Decided November 29, 1905.

**1.—Master and Servant—Assumed Risk—Pleading.**

The defense of assumed risk, as that plaintiff knew the insufficiency of the force furnished to assist him in pushing a car along the track, must.be pleaded.

**2.—Same—Proximate Cause.**

But it seems that the fact that the injury of plaintiff was proximately caused by the excessive force exerted by him in attempting to move the car, and not by defendant's negligence, was available as a defense under the general denial.

**3.—Negligence—Assumed Risk.**

The law governing the duty of the master to furnish a safe place for the employe to work and the circumstances under which the servant will be held to have assumed the risk of known or apparent danger arising from the master's failure to do so, stated.

**4.—Contributory Negligence—Evidence.**

The fact of· contributory negligence is to be determined from all the evidence and the charge should not test it by the testimony of the plaintiff alone.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*W. L. Eason,* for appellant.—Plaintiff was not required to exercise ordinary care to discover the condition of said track. Missouri, K. &

T. Ry. Co. v. Hannig, 91 Texas, 350; Texas & P. Ry. Co. v. Eberheart, 91 Texas, 324; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 288; Missouri, P. Ry. Co. v. Lehmberg, 75 Texas, 67; Texas & P. Ry. Co. v. Johnson, 89 Texas. 520; Bonnet v. Railway Co., 89 Texas, 76.

It is not enough that the servant should know the physical conditions, but he must appreciate the attendant risk. Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 131, and authorities cited.

An issue, not made by the pleadings, should not be submitted to the jury. International & G. N. Ry. Co. v. Harris, 95 Texas, 346; Texas & P. Ry. Co. v. McCoy, 90 Texas, 266, and authorities cited.

The court erred in giving in charge to the jury defendant's special charge No. 2, wherein he charged in substance that plaintiff could not recover if he used an excessive force in pushing the car. The error is that this issue was not raised by defendant's pleadings.

The court erred in paragraph three of his charge to the jury wherein he charged to find for defendant if "you believe from the evidence of plaintiff, or his own witnesses, that he was injured on account of an assumed risk." The error is, that the jury were confined to the testimony of plaintiff, or his witnesses, in passing on this issue, and were not permitted to look to all of the evidence before them. Blum v. Strong, 71 Texas, 324; Belle v. Hutchings, 41 S. W. Rep., 200; Burcham v. Gann, 1 U. C., 344; Medlin v. Wilkins, 60 Texas, 415.

*West, Chapman & West* and *Theodore Mack*, for appellee.—There is no error in paragraph 4 of the court's charge, because the court did not charge that the servant was required to use ordinary care in inspection, or to discover a risk connected with the duty he was performing. Peck v. Peck, 99 Texas, 10; Bonnet v. Railway Co., 89 Texas, 72; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287.

The servant assumes the risks arising from the failure of the master to do his duty when he knows of such failure and the attendant risk, or in the ordinary discharge of his duty must necessarily have acquired the knowledge. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 530.

If an adult servant of experience knows, or in the course of employment necessarily knows that the force of men supplied to assist him in his work is insufficient, he assumes the risk of injury due to such insufficient force, and it is not necessary that he must also appreciate the attendant risk which arises by reason of insufficient force. Galveston, H. & S. A. Ry. Co. v. Sherwood, 67 S. W. Rep., 779; International & G. N. Ry. Co. v. Figures, 13 Texas Ct. Rep., 807; St. Louis A. & T. Ry. Co. v. Lemon, 83 Texas, 143; Haywood v. Railway, 12 Texas Ct. Rep., 295; Texas & N. O. Ry. Co. v. Sherman, 87 S. W. Rep., 887.

The doctrine of assumed risk applies to all risks ordinarily incident to employes, and does not apply only to dangerous undertakings, hence it was no error in refusing to instruct the jury as complained of. Texas & P. Ry. Co. v. Eberheart, 91 Texas, 324; Bonnet v. Railway Co., 89 Texas, 75; Labatt on Master and Servant, sec. 261.

FISHER, CHIEF JUSTICE.—This is a suit by appellant against the Consumers' Cotton Oil Company for damages resulting from injuries alleged to have been sustained by him while in its employment.

The grounds of negligence alleged are that the plaintiff was directed by the defendant to assist in pushing a heavily loaded car down grade in a position opposite the door of a house, for the purpose of unloading the same; that the servants on top of the car controlling the brake negligently failed to stop it when it reached the proper place in front of the door, that thereby, it passed several feet beyond; that the defendant then ordered the plaintiff and other hands to push the car back to its position up grade; that this service or work was not in the line of the plaintiff's employment; that the number of hands was insufficient, which fact was not known to the plaintiff, because he was inexperienced in that character of work, and that the defendant was guilty of negligence in furnishing an insufficient number of hands; that the ties of the track on which plaintiff and the hands were working projected above the level of the ground and that there was no filling in between the ties, and that the same were slick and greasy, and for this reason were in an unsafe condition; that the defendant knew of the condition, or by the exercise of ordinary care might have known it; that the plaintiff did not know of the condition and the risk and danger that might result from working at that place; that while in the exercise of due care, his foot slipped and he fell to the ground; that he was required to push and strain to the utmost of his capacity; that by straining and pushing and the fall, etc., he was injured.

The defendant answered by general denial, plea of assumed risk and contributory negligence.

The case was sumbitted to the jury, and verdict and judgment were in defendant's favor.

It is unnecessary to repeat the evidence; suffice it to say that it is conflicting upon some of the main issues in the case; but there is some evidence which tends to establish the acts of negligence alleged by plaintiff, and there is evidence tending to establish, in some respects, the defenses urged by the defendant.

The judgment is reversed and the cause remanded for the error of the trial court in giving in charge the first special instruction requested by appellee, which is complained of in appellant's eighth assignment of error. The charge is as follows: "If you believe from the evidence that the force supplied to move said car was insufficient, but you further believe defendant knew the same, or that in the course of his employment he must have necessarily acquired such knowledge, then he assumed the risk, if any, of injury from the insufficient force, if it was insufficient."

This charge, as stated in the record is to the effect if "the defendant knew," but it was evidently intended to mean "if the plaintiff knew," and is so treated by the plaintiff in his assignment of error objecting to same; consequently, we will give it the same effect. The objection to this charge upon which we reverse is that it presents an issue of assumed risk that was not pleaded by the defendant. In the case of International & G. N. Railway v. Harris, 95 Texas, 346, it is distinctly held that assumed risk must be pleaded. The other objections urged by appellant to this charge will be considered in passing upon other assignments of errors.

Vol. XLI. Civil—4.

The ninth assignment of error objects to the action of the trial court in giving, at the request of appellee, its special charge No. 2. So far as the question of the issue there presented not being raised by the answer, it is covered by what we have said in reference to the assignment just passed upon, and the insufficiency of the pleading will doubtless be corrected upon another trial. But we have serious doubt whether it was necessary, in order to submit this fact to the consideration of the jury, it should have been pleaded. We are inclined to the opinion that it was admissible under the general issue; but, as said before, whatever doubt there might be upon this subject will doubtless be removed when the pleadings are amended. The proposition submitted in the charge is that if the plaintiff was injured by excessive force and exertion upon his part in undertaking to move the car, the injury sustained would not be traceable to the negligence of appellee, but would be the proximate result of the plaintiff's own conduct. Under the general denial, it would be permissible for the defendant to introduce evidence tending to show that the plaintiff who claimed to have been injured by certain means and in a certain way, sustained his injuries from other causes and in a different way; and we are inclined to the view that the question presented by the charge falls within this rule.

Appellant's seventh, second, third, fourth, fifth and eleventh assignments will be considered together, and disposed of under some general remarks of the court, which may be found serviceable upon another trial. It is unnecessary to take up these assignments separately, because the views stated by us will apply to them all.

The master must exercise ordinary care to furnish the servant with a reasonably safe place at which to do his work; and, in the absence of knowledge to the contrary, the servant may rely upon the fact that this duty has been observed. The servant in the prosecution of the work must exercise ordinary care for his own safety; and if he discovers, or if in the exercise of ordinary care in doing the work at hand he must necessarily have discovered, the defective condition and its attending dangers, he assumes the risk of injury that may proximately result from such defect. (Drake v. San Antonio & A. P. Ry., 99 Texas, 240, 13 Texas Ct. Rep., 867; Peck v. Peck, 99 Texas, 10, 12 Texas Ct. Rep., 785; St. Louis S. W. Ry. v. Rea, 99 Texas, 58, 12 Texas Ct. Rep., 990; Missouri, K. & T. Ry. v. Smith, 11 Texas Ct. Rep., 96; International & G. N. Ry. v. Royal, 11 Texas Ct. Rep., 370; Railway v. Hannig, 91 Texas, 347; Railway v. Smith, 83 S. W. Rep., 719, and Railway v. Smith, 24 Texas Civ. App., 130.)

The servant, before entering upon the prosecution of the work, is not required to inspect or to exercise ordinary care to ascertain the condition of the appliances or place where he is put to work (except in instances, such as Larkins Case, 11 Texas Ct. Rep., 334, 82 S. W. Rep., 1026, which is explained in the recent case of Railway v. Drake, supra). But he will not be justified in closing his eyes to conditions that are obvious, or that must have been necessarily discovered in entering upon the work or during the progress of its continuance. Cases supra. And if the defective condition is discovered, or should have been discovered under the rules above stated, the servant is not, merely by reason of such knowledge, required in all cases to cease his work, or otherwise assume the risk

of injury, but he can continue the prosecution of the work, unless the danger is apparent, or that it was of such a nature that he, as a person of ordinary prudence, in the exercise of ordinary care and caution, should or ought to have discovered it, in view of his situation and the surrounding conditions. (Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 131; Galveston, W. T. & P. Ry. Co. v. Smith, 83 S. W. Rep., 719.) In the last case it is said: "The true test by which to determine whether the servant assumed the risk of the particular danger as one of the ordinary risks of his employment, is to consider whether, under all of the surrounding conditions, he ought to have known and apprehended danger, and not whether, in point of fact, he did know and apprehend it."

The twelfth and thirteenth assignments of error complain of expressions in the charge of the court wherein the jury were instructed to find for defendant, if the evidence of the plaintiff showed him to be guilty of contributory negligence; and another, that "if you believe from the evidence of the plaintiff or his own witnesses that he was injured on account of an assumed risk." The objection is that these expressions might convey to the jury the idea that they would not have the right to consider all the evidence in the record, that of both the plaintiff and defendant, in determining whether the plaintiff was guilty of contributory negligence or assumed the risk. These expressions possibly will not occur again in the charge. Upon these questions, as well as others, it is best that the jury should be left free to consider all of the evidence in the record. Of course, a case might arise in which the evidence of the plaintiff, when considered alone, clearly and unequivocally established the fact that he was guilty of .contributory negligence, or that the risk was one that he assumed. But, on the other hand, cases might arise (and we can not say that this is not one) in which the jury would be entitled to consider the evidence coming from both parties in determining whether or not the issue of contributory negligence or assumed risk had been established.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*