### NORTH TEXAS GAS CO. v. YOUNG et al. (No. 1046.)

(Court of Civil Appeals of Texas. El Paso. Jan. 29, 1920. On Motion for Rehearing April 8, 1920.)

1. Trial ☞350(6)—Special findings held not to show negligence so as to justify failure to submit issue of negligence.

In an action for injuries caused by an explosion of gas, special findings that the gas was cut off at the stopcock or cut-off near the curb adjacent to property on a specified date, but that the end of the supply pipe under the house was not plugged up, that at that time no gas was escaping through the supply pipe, and that the gas came from the main through the stopcock, did not state facts constituting negligence per se, so as to justify the failure to submit the issue of negligence to the jury.

2. Appeal and error ☞1062(2)—Failure to submit issue does not justify reversal and rendition.

Though, in an action for personal injuries, the special findings did not show negligence, the failure of the court to submit the issue of negligence to the jury did not entitle defendant to a reversal and rendition of judgment in its favor, where it expressly objected to a remand for a new trial.

3. Appeal and error ☞999(3)—Question of negligence is not question for Court of Civil Appeals.

Negligence is generally an issue for the jury, and certainly for the jury or trial court, and it is not the province of the Court of Civil Appeals to decide the fact of negligence.

#### On Motion for Rehearing.

4. Trial ☞355(1) — Special findings insufficient to warrant judgment for gas company in action for injuries.

In an action for personal injuries caused by an explosion of gas, special findings that the explosion was caused by gas, that about two months before the explosion the gas was cut off at the stopcock or cut-off near the curb, that the end of the supply pipe was not plugged up, that no gas was then escaping through the supply pipe, and that the gas which exploded came from the main through the stopcock, did not entitle the gas company to judgment.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Mrs. Maud Young and husband against the North Texas Gas Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Richard Mays and L. B. Cobb, both of Corsicana, and Thompson, Barwise, Wharton & Hiner and Geo. Thompson, Jr., all of Ft. Worth, for appellant.

Simkins & Simkins, W. J. Weaver, and Callicutt & Johnson, all of Corsicana, for appellees.

WALTHALL, J. Mrs. Maud Young, joined by her husband, Thomas Young, appellees in this appeal, brought this suit in the district court of Navarro county, Tex., against North Texas Gas Company, appellant, for damages on account of personal injuries alleged to have been received by Mrs. Maud Young, expenses incurred for doctor's fees, medical services and expenses, and damages to personal property, all of which was alleged to have been the result of an alleged gas explosion occurring on the 17th day of November, 1917, which wrecked the house in which appellees resided. The case was submitted to the jury upon special issues, to which the jury returned their findings. We state only such outline of the facts alleged as to make apparent the issues presented.

Appellees alleged that on November 17, 1917, they were living in a rented house owned by Miss Annie Leighton, situated at the corner of North Eleventh street and West Second avenue, in the city of Corsicana, Tex.; that the previous occupants of said house were consumers of gas and patrons of appellant, but that when the previous occupants moved out of said house the gas meter was taken out by appellant, and that in taking out the meter from underneath the house appellant, acting through its employés, negligently left the service pipe disconnected from other house pipes, and leaving same in such condition that it leaked gas, which on November 17, 1917, congregated and became confined underneath the said house, which was boarded up on all sides, and that the gas became ignited through coming in contact with a lighted match struck by one of appellee's small children while attempting to light a kerosene lamp; that the resulting explosion of the gas wrecked the Leighton house, in which appellees were living, causing the injuries to Mrs. Maud Young of which they complain and the damage to the personal effects situated in the house.

It was alleged that, for the purpose of cutting off the gas from said premises, appellant has a curbcock or cut-off at or near the street curb where the service pipe was connected with the main pipe line when the use of gas upon said premises had been discontinued; that when appellant removed its

meter and disconnected said house from the use of gas it was the duty of appellant to cut off said gas at the stopcock at the street curb in order to prevent gas from going through the service pipe, which appellant failed to do, but allowed the gas to go from the gas mains through the cut-off and into the service pipe, and such failure appellee assigned as negligence and the proximate cause of the explosion and the injuries to Mrs. Young and the damages to the personal property complained of; also that it was appellant's duty on removing the meter to sufficiently plug or stop up the end of the service pipe and to keep the end of the service pipe plugged or stopped up so as to prevent gas from passing from the service pipe and under the house, which appellant negligently failed to do, and appellee assigned such failure as negligence and the proximate cause of the explosion and damages complained of. Appellee also alleged that appellant was negligent in failing to properly inspect the cut-off at the curb and the service pipe leading from the curb through the premises and under the house, and see that gas did not leak and get through and become impounded and pocketed under the house; .that by a proper inspection of the cut-off and service pipe appellant could have discovered the escape of gas and have prevented same.

Appellant answered by general demurrer, special exceptions, general denial, and pleaded that appellees and each of them were guilty of negligence, which was the proximate cause of the injuries and damages alleged to have been sustained by them. The fact constituting the contributory negligence is alleged to be that appellees knew or should have known that gas was escaping from the pipes, and that the use of fire might result in an explosion, but permitted the use of fire, and that same was the proximate cause of the explosion. After much evidence was heard the court defined ordinary care, contributory negligence, and proximate cause, and submitted the case to the jury on special issues. The issues submitted and the jury's answers thereto are as follows:

First. "Did gas escape from the stopcock or cut-off at or near the street curb adjacent to the Leighton property and pass through the end of the service pipe leading under the house occupied by plaintiff on November 17, 1917?" The jury answered "Yes."

Second: "If you have answered question first in the affirmative, then you will answer this question: Did the gas which escaped from said stopcock or cut-off and passed through the end of said service pipe, if it did, become ignited and cause the explosion on November 17, 1917?" The jury answered "Yes."

Third. "What agency caused the explosion on November 17, 1917?" The jury answered, "Gas."

Fourth. "Was the explosion brought about by any agency other than gas? You are instructed in connection with question fourth that in dealing with this question you will answer 'Yes,' unless the preponderance of the evidence shows you that it was gas that caused the explosion." The jury answered "No."

Fifth. "If you have answered question first and question second in the affirmative, then you will answer this question: Was the ignition and explosion of gas, if any, the proximate cause of the injury, if any, to Mrs. Maud Young?" The jury answered "Yes."

Sixth. "If you have answered question fifth in the affirmative, then you will answer this question: Was the ignition and explosion of gas, if any, the proximate cause of the damage, if any, to personal property belonging to Mrs. Maud Young, situated in said house?" The jury answered "Yes."

In response to questions seventh, eighth, and ninth the jury assessed the damages for personal injuries to Mrs. Maud Young at $5,000, the damage to the personal property at $50, and the expense incurred for the doctor's bill on account of the injury at $58. ·

Tenth. "Did Mrs. Maud Young, before the explosion occurred, know that gas was escaping or was in or about the house?" The jury answered "No."

The jury made no response to questions eleventh, twelfth, thirteenth, fourteenth, and fifteenth.

Sixteenth. "Did Wiley Smith cut off the gas at the stopcock or cut-off at or near the street curb adjacent to the Leighton property on September 14, 1917?" The jury answered "Yes."

Seventeenth. "Did Ben Zimmerman, at the time he detached the meter under the Leighton house on September 14, 1917, plug up the end of the supply pipe under the house so as to prevent the escape of gas therefrom?" The jury answered "No."

Eighteenth. "At the time Ben Zimmerman detached the gas meter under the Leighton house, was the gas then escaping through the supply pipe?" The jury answered "No."

Nineteenth. "If you find there was gas under the Leighton house at the time of the explosion then you will answer this question: From whence did the gas come?" The jury answered, "From the main through the stopcock."

Twentieth. "To whom did the supply pipe leading from the stopcock or shut-off at or near the street curb adjacent to the Leighton property belong?" The jury answered, "Leighton."

Upon the above findings of the jury the court rendered judgment for appellee for the sum of $5,108, from which appellant prosecutes this appeal. Appellant presents nine assignments of error.

Appellees object to a consideration of the assignments of error and propositions thereunder, on the ground that the matters therein presented and discussed thereunder are not supported by appellant's pleadings; the contention being that the general denial and the plea that appellees' contributory negligence was the proximate cause of the injuries did not raise the issue of an intervening act or agency as an answer and defense to appellees' suit charging the several acts of negligence; that, if appellant is satisfied to

simply deny the case as pleaded and seeks to disprove same, he may rest upon the denial, but that, when appellant relies upon any special matter of defense to defeat the cause of action, it should allege and prove same; that, when appellees have made out a prima facie case, the burden then of establishing special defenses, such as an intervening proximate act, cause, or agency which would defeat such prima facie case, shifts to appellant so relying upon such special defense. We are referred by appellees to Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1112; Willis & Bros. v. Hudson, 63 Tex. 678; Smothers v. Field, 65 Tex. 435; Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058; Farmers' National Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966. The question presented is based upon and grows out of the provision of the statute requiring that the pleading shall consist of a statement, in logical form, of the facts constituting the plaintiff's cause of action, or the defendant's ground of defense.

Had a judgment here been rendered for appellant upon a finding of the jury or of the court of some intervening act or cause accounting for the ignition and explosion of gas under the house, though a proximate cause, but if not attributable to any negligent act of appellees', as pleaded, such judgment rendered upon such findings upon evidence admitted under a general denial could not be sustained. W. L. Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1112; Mosely et al. v. Bradford et al., 190 S. W. 824; Mallory v. Mantius, 174 S. W. 692.

We feel it necessary to state and consider the assignments for the purpose and to the extent of determining whether they come within the above rule so clearly announced by the courts in the cases above referred to. The assignment is as follows:

"It was error to base judgment for plaintiff on the assumption or finding of the court of negligence in the manner of plugging the pipe, for it is indisputable that the proximate cause, the active, producing cause, of the escape of gas under the house, with the explosion following, was the opening of the stopcock, which, in view of the jury's finding that defendant had closed it on September 14th, and the absence of any evidence showing the defendant had since opened it, must be attributed to an intervening independent cause and agency. And, in the absence of all testimony as to what the agency was, it cannot be with any reason assumed that defendant was responsible for it. Nor is there any circumstance in the testimony to justify a suspicion that the defendant might have had reason to infer that the cock had been opened. So far as the testimony discloses, no one had reason to imagine the cock was open till a few hours prior to the explosion, and the testimony shows that the only persons who then had reason to so imagine or suspect were plaintiff, Mrs. Young, and her children, and that they did not communicate such suspicion to defendant."

The one proposition under this assignment is:

"If subsequent to the original wrongful or negligent act a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, and which could not have been reasonably anticipated by the original wrongdoer, the original negligent act is the remote cause, and such intervening act is the proximate cause of the misfortune, for which the original wrongdoer is not liable."

If the assignment and the proposition have reference solely to appellees as having created a new, intervening proximate cause, in that, as suggested in the assignment and argument, Mrs. Young and some of her children had discovered a peculiar odor about the house and did not call up the appellant and notify it of that fact, the jury settled that issue by finding that Mrs. Young, before the explosion occurred, did not know that gas was escaping or was in or about the house. The evidence clearly sustains that finding.

If a new cause is sufficient of itself to stand as the cause or explanation of the presence of the gas under the house, and such new cause is not in any way attributable to appellees or for which they are not responsible, such cause is not pleaded, and, under the rule stated above, cannot be considered as a basis for an assignment of error, or a judgment for appellant. Such new cause is not made an issue in any finding of the jury or by the court, and none is specifically pointed out by counsel in their brief, and we cannot with any degree of certainty know just what fact or facts are supposed to constitute the new, intervening proximate cause. Counsel has filed in this court a most complimentary and interesting brief on the proposition under this assignment, which shows extensive research among Texas and other decisions on the subject of proximate, remote, and intervening causes, but, as we view it, it is without sufficient pleading or facts to give it application. So far as considered, the assignment is overruled.

While assignments 2, 3, 4, 5, 6, and 7 are slightly different verbiage from the first, the propositions under the second and third are expressed in the same words as the proposition under the first assignment, and all present the same issue. What we have said in considering the first assignment applies to each of them.

[1, 2] We come now to the eighth and ninth assignments. They present the same issue. In view of what appellant has said both in oral argument and elsewhere in its brief, we are at a loss to know just what final disposition to make of these two assignments. Appellant remarks on page 2 of its brief that—

"The question of reversing and remanding this case for a new trial is not raised, and ap-

pellant would object to such a disposition of the case. The judgment should either be reversed and rendered for appellant or same should be affirmed."

Also in the concluding remarks in the brief appellant again asks only that judgment be rendered in its favor. Appellant made seasonable objection to the court's charge in that it failed to submit to the jury for their answer the question of whether or not the possible escape of gas from the stopcock near the street curb or from the end of the service pipe under the house constituted negligence as that term is defined in the court's charge, and, in addition to the objection so made to the charge, appellant submitted special charges submitting the issues as to whether the gas escaping through the stopcock at the curb or through the end of the service pipe constituted negligence. The court refused to give either of said charges, and no charge is found in the record presenting the issues as to whether any or all of the facts found by the jury constitute negligence. Nor did the court state to the jury, or himself specifically find, that any one or all of the facts found constitute negligence per se, or negligence vel non. This court cannot from the record, the findings of the jury, or the evidence say that any one or all of the facts found constitute negligence per se so as to relieve of the necessity of submitting the issue of negligence to the jury. Now, we think the court should have submitted the question to the jury as to whether any one or all of the facts found constituted negligence on the part of the gas company. The issue was sharply drawn in the evidence as to the efforts made by appellant to shut off the gas escape through both the stopcock at the curb and at the end of the service pipe. The jury found that the gas was cut off by appellant at the curb, but not at the supply pipe, on the 14th of September previous to the explosion on the 17th of November. Indeed, the facts found in the record strongly suggest some intervening cause for the gas escape. But we do not concur in appellant's insistence as stated in its propositions under these two assignments that the failure of the court to submit the issue of negligence would per se entitle appellant to a judgment in its favor. Such would not be its effect.

[3] Under the last two assignments it is also the contention that, where the evidence is insufficient to warrant the finding of negligence on the part of appellant, judgment should be in its favor. We think it would necessarily follow that, if appellant was not negligent in any of the issues of negligence assigned, it would be entitled to a judgment. But we hardly think it the province of this court to decide the fact of negligence. Negligence is generally an issue for the jury, and certainly one for the jury or the trial

220 S.W.—17

court. The question is not presented as to whether any one or more of the findings of the jury is supported by the evidence. The question presented assumes that the evidence is insufficient to warrant a finding of negligence.

Understanding appellant to request this court not to reverse and remand the case, but to affirm in the event it is not entitled to a judgment on the issues presented, we need only conclude that the failure to submit the issue of negligence would not of itself result in a judgment for appellant.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant files its motion for a rehearing asking that the judgment of affirmance of this case be set aside, and that judgment be here entered for appellant. The contention of appellant, to which we desire to confine our further consideration, arises on the overruling of appellant's first assignment. Appellees objected to a consideration of the assignment and such others as presented a similar question, on the ground that the issue therein presented could not be raised under appellant's general denial; the issue being one of pleading, and not of evidence. By reason of the objection our thought was directed more possibly to the question suggested by the objection than its importance in the case requires. We need not restate the assignment nor the proposition thereunder, as each is copied in the opinion.

Appellant discusses the question presented in two sections, the first being: Appellant's general denial under appellees' pleadings was sufficient to permit defenses of intervening sufficient cause, and that the accident in question is not one that could have been reasonably foreseen and anticipated. The second is similar and reads: The injuries and damages sustained were caused as the proximate result of an independent intervening cause, and could not reasonably have been foreseen and anticipated.

The question here presented of an independent proximate cause for the gas explosion does not arise on the refusal of the court to hear evidence of such intervening cause, nor does it arise on the refusal of the court to submit to the jury the question of whether, subsequent to the original wrongful or negligent act, a new cause intervened, of itself sufficient to stand as the cause of the gas explosion, and which could not have been reasonably anticipated by the original wrongdoer. If the issue here discussed is in the case at all, as we view the record before us, it arises by reason of and as a result of the jury's findings to issues 16 and 18, in which the jury found that Wiley Smith, for the gas company, cut off the gas at the street curb on the 14th of September, previous to

the gas explosion on the 17th of November, and that at that time no gas was escaping through the supply pipe.

[4] It seems to us that the real question at issue is more whether, under the issues of negligence pleaded, the evidence heard, and the jury's findings, judgment should have been rendered for appellee. The jury found, and the finding is well supported by the evidence, that the explosion causing the injuries complained of was a gas explosion, and that at the time of the explosion the gas was escaping through the shut-off at the street curb and was conveyed to the house occupied by appellees by the service pipe not then sufficiently plugged to prevent the escape of gas therefrom. True, it is a question unexplained as to how the gas, once shut off at the curb, should thereafter escape through the curb shut-off. Now, while to the sixteenth question the jury found that the gas was shut off at the curb on the 14th of September, the duty was a continuing duty, not simply to shut off the gas on the 14th of September, but to prevent its escape through its shut-off on the 17th of November. The extent of the burden on appellees was to show that the gas was escaping through the pipes on the 17th of November, and that the explosion was the result of the gas escape at that time, and appellees discharged that burden. The burden then rested upon appellant to account for the escape of the gas from its gas pipes on the 17th of November. We think it would hardly be an answer, certainly not a perfect defense, to show that the gas was shut off on a day some six weeks previous to the day the gas was found to be escaping through appellant's shut-off at the street curb and through the supply pipe. Appellant's duty being a continuous one, it should fully account for the gas escape on the 17th of November. This the record shows it did not do, but rested its defense on the facts that it shut off the gas on the 14th of September, and that at that time no gas was escaping through the service pipe. The pleading of appellees does not fix or confine the duty of appellant to shut the gas off on the 14th of September, or any day other than the 17th day of November, the time of the gas explosion.

To this court neither the pleading of appellant nor the evidence offered, nor any intervening cause submitted or sought to be submitted, suggests that subsequent to the original wrongful or negligent act—that is, on the 17th of November—a new cause sufficient to stand as the cause of the gas explosion has intervened. The negligent act complained of was gas escape on the 17th day of November and on no day previous to that time.

If we are correct in our conclusion above expressed as to the extent of appellant's duty, it seems to us that a discussion of the question reviewed in appellant's most exhaustive brief and argument is a discussion of a question apart from the real issue presented by the record. But should we assume that, while neither the evidence offered nor the issues submitted or sought to be submitted suggests a cause for the gas escape other than by a negligent act of appellant as pleaded, what act could we say intervened and caused the gas escape on November 17th? Appellant suggests no particular cause nor does the evidence raise any issue above a bare suspicion or surmise as to any other, cause. Should there be a cause other than that alleged by appellees, negligence of appellant, it is purely defensive and should be alleged and proved. Any cause that could be suggested would be a bare speculation without pleading such fact (unless pleaded under the general denial) and without evidence to support it.

Appellant pleaded the general denial, but pleaded no intervening cause for the gas escape other than the contributory negligence of appellees. The insistence in the motion is that an intervening proximate cause can be shown under the general denial. We held in the opinion that an intervening cause, to stand as a proximate cause, should be pleaded. We think, as an abstract proposition of law under the verbiage of the assignment and proposition, the statement would hold good. After a careful and further study of the record in considering appellant's motion for rehearing, we think it was not necessary to a decision of the case that we announced the holding above that the intervening cause should be pleaded. Personally I am still under the impression that any cause accounting for the gas escape between the 14th of September and the 17th of November, separate and apart from any negligence of appellant, would be more in avoidance than in rebuttal.

It is a difficult matter, says Mr. Towne in his Texas Pleading, to get a clear conception of the difference between matter in rebuttal and matter in avoidance. Here, as we view the record, we are confronted with the difficulty of finding any matter pleaded or proved, or to which our attention is directed by brief or argument, so as to enable us to consider whether such matter would be in rebuttal or in avoidance. In the cases to which we are referred by appellant there is some specific matter of fact pleaded or proved or sought to be submitted which suggest the question or ruling as to whether such matter can be considered as a defense under the general denial. If appellant has reference to the escape of gas through the shut-off at the street curb, or the end of the service pipe, and that some one other than appellant, turned on the gas at the street or unplugged end of the service pipe, there was

no proof of either fact, nor was it pleaded or proved or submitted to the jury, nor was it offered to be submitted to the jury as a defense that some one turned the gas on at the street curb, or unplugged the service pipe. Here there is simply a failure of explanation, or cause, or reason why the gas shut off on the 14th of September should escape through the street curb shut-off or service pipe on the 17th of November, or, for that matter, any other time, and the contention is here made, if we get appellant's view, that some intervening agency, not pleaded, nor submitted to nor found by the jury to be a fact, nor the proximate cause of the gas escape, but which intervening cause, when established, must of necessity account for the gas being turned on at the street shut-off. These are facts for the trial court to establish. We think, in view of the record, that it would not be the province of this court to determine the cause of the gas escape on the 17th of November, and to hold that, as a matter of law, such cause is the proximate cause of the gas escape.

Had appellant, under its general denial, offered to prove or proved such matter, or had sought to have such matter submitted to the jury, and the court had refused to hear the evidence or refused to submit the matter to the jury, we think, under such condition, this court would be called upon to determine whether such matter would be in rebuttal, or in avoidance, but not otherwise. The burden of proving that the gas escape occurred on account of the shut-off at the street or the plug of service pipe having been tampered with by some malicious person rested on appellant. Norton v. G., H. & S. A. Ry. Co., 108 S. W. 1047. This burden appellant did not discharge. All concur in overruling the motion for rehearing and to certify.

HARPER, C. J. (concurring). Appellant by its motion for rehearing argues with great zeal that this court erred in affirming the judgment appealed from and in not here rendering judgment for it upon the findings of the jury, copied in the original opinion, and again presents its nine assignments of error as briefed, and urges them by voluminous separate argument, and asks that the question be certified to the Supreme Court in case we do not grant his prayer to render.

Speaking for myself, I concur in the affirmance of the judgment for the following reasons, taking up the assignments and propositions as I consider they relate to each other, or are separate and distinct propositions of law: The first, second, and sixth are that judgment should have been rendered for appellant upon the findings in response to special issues 16 and 18. By the sixteenth the jury found that the gas was cut off at the stopcock or cut-off at or near the street curb adjacent to the Leighton property on Septem-

ber 14, 1917. This was the date upon which the company's agent detached the gas from the premises occupied by appellee, and by their answer to the eighteenth they found that at the time, September 14, 1917, the gas was detached, there was no gas escaping through the supply pipe under the house, because, it is argued, in the absence of any evidence showing the defendant had since opened it, it must be attributed to an intervening independent cause; and, in the absence of all testimony as to what the agency was, the judgment should have been for the defendant. I am of the opinion that appellees' suggestion that the defendant did not plead intervening cause, and therefore could not prove it under general denial, is of no force, for the reason that whether the defense could have been or was proven under a general denial or not is not the question presented here, but is that these findings are in effect a finding in favor of defendant. To this proposition I cannot accede. These findings could not be construed to mean that some third person not connected with defendant company tampered with the stopcock at the curb, and thereby became the immediate cause of the escape of gas and the consequent explosion.

These findings are of mere evidentiary facts, and in no sense ultimate facts upon which a judgment could be predicated. In fact, this last observation applies to all issues submitted by the charge, and there is not in my opinion a finding, or findings, by the jury which could be the basis for a judgment for either party. For that reason appellant's eighth assignment to this effect could properly be sustained, and the cause reversed, but for the fact that appellant expressly says:

"The question of reversing and remanding this cause for a new trial is not raised, and appellant would object to such a disposition of the case."

So the presumption obtains in favor of the judgment that the trial court properly found actionable negligence under the evidence adduced, and the other assignments which charge that the court erred in rendering judgment for plaintiff, and in refusing to render judgment for defendant upon named theories, are disposed of by what is said of the eighth; for there is nothing in the record to disclose upon what theory the court rendered its judgment except the assertions in appellant's brief.

No good reason occurs to me or in my opinion is suggested why this case should be certified, so agree that both the motion for rehearing and to certify be overruled.

HIGGINS, J. (concurring). The writer is of the opinion that the findings of the jury and the evidence adduced upon the trial do not entitle the appellant to a reversal and rendition of judgment in its favor.

As to the question of pleading discussed

in the original opinion, I am of the opinion that under the general denial it is permissible to show that the injury was caused by some independent intervening agency, and not the original negligent act. This disproves that the negligent act pleaded by the plaintiff was the direct and proximate cause of the injury, and such evidence is admissible under the general denial. Railway Co. v. Parker, 50 Tex. 330; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Norton v. Railway Co., 108 S. W. 1044; Railway Co. v. Daniels, 1 Tex. Civ. App. 695, 20 S. W. 955; Railway Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 538; Price v. Oil Co., 41 Tex. Civ. App. 47, 90 S. W. 717; Railway Co. v. Taylor, 162 S. W. 967; Railway Co. v. Kjellberg, 185 S. W. 430; Wade v. Railway Co., 110 S. W. 84.

I therefore concur in overruling the motions for rehearing and to certify.